1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10    ROBERT C. BOWIE,

11              Plaintiff,                        No. CIV S-11-3184 EFB P

              vs.

12

13    R. STOVALL, et al.,

14              Defendants.                       ORDER

15    _____/

16          Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C.

17    § 1983.[1]  In addition to filing a complaint, plaintiff has filed an application to proceed in forma

18    pauperis.

19    **I.      Request to Proceed In Forma Pauperis**

20          Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

21    Dckt. Nos. 11, 14.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1)

22    and (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff

23    to collect and forward the appropriate monthly payments for the filing fee as set forth in 28

24    _____

25          [1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.
      § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  Dckt. No. 4; *see* E.D.
26    Cal. Local Rules, Appx. A, at (k)(4).

1   U.S.C. § 1915(b)(1) and (2).

2   **II.     Screening Requirement and Standards**

3          Federal courts must engage in a preliminary screening of cases in which prisoners seek

4   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

6   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

7   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

8   relief." *Id.* § 1915A(b).

9          In order to avoid dismissal for failure to state a claim a complaint must contain more than

10  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

11  of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words,

12  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

13  statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

14         Furthermore, a claim upon which the court can grant relief has facial plausibility.

15  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

16  content that allows the court to draw the reasonable inference that the defendant is liable for the

17  misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a

18  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

19  *Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to

20  the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

21         A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal

22  Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain

23  statement of the claim showing that the pleader is entitled to relief, in order to give the defendant

24  fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

25  550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

26  ////

**III.    Screening Order**

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim against any defendant for the following reasons.

Plaintiff names as defendants Stovall, Fleming, and McCloghan, who are alleged to be prison officials at High Desert State Prison.  Liberally construed, plaintiff alleges he is a non-active member of the Pomona Crips gang at High Desert State Prison, and feels that his life is in danger.  He claims to have informed defendants that he has safety concerns, but that they put him back out on the yard.  Plaintiff does not allege what information he communicated to defendants, why he felt his life was in danger, or whether he was injured as a result of defendants' alleged actions.  The allegations in plaintiff's complaint are so vague and conclusory that the court cannot determine whether the current action is frivolous or fails to state a claim for relief.

It is plaintiff's responsibility to allege facts to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

In order to state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

////

1    Plaintiff does not identify any claims for relief in the complaint.  Plaintiff is hereby

2    informed that under the Eighth Amendment, "prison officials have a duty to protect prisoners

3    from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)

4    (internal quotation marks, ellipsis, and citation omitted).  However, "not . . . every injury

5    suffered by one prisoner at the hands of another . . . translates into constitutional liability for

6    prison officials responsible for the victim's safety." *Id.* at 834.  A prison official may be held

7    liable for an assault suffered by one inmate at the hands of another only where the assaulted

8    inmate can show that the injury is sufficiently serious, *id.* at 834 (citing *Wilson v. Seiter*, 501

9    U.S. 294, 298 (1991)), and that the prison official was deliberately indifferent to the risk of

10   harm, *id.* at 837.  Thus, the relevant inquiry is whether prison officials, "acting with deliberate

11   indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future

12   health." *Id.* at 834 (internal quotation omitted).  To be deliberately indifferent, the "official must

13   both be aware of facts from which the inference could be drawn that a substantial risk of serious

14   harm exists, and he must also draw the inference." *Id.* "Whether a prison official had the

15   requisite knowledge of a substantial risk is a question of fact subject to demonstration in the

16   usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude

17   that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.*

18   at 842.  The "obviousness of a risk," however, is not conclusive, and "a prison official may

19   demonstrate that the obvious escaped him . . ." *Id.* at 843, n.8.  Here, the complaint fails to set

20   forth sufficient factual matter to state an Eighth Amendment claim under these standards.

21   **IV.    Leave to Amend**

22   For the reasons stated above, the complaint is dismissed pursuant to 28 U.S.C.

23   § 1915A(b).  Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a

24   cognizable legal theory against a proper defendant and sufficient facts in support of that

25   cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

26   (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

4

their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant.

Plaintiff is hereby informed that an individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).  Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Id.*  It is plaintiff's responsibility to allege facts to state a plausible claim for relief.  *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Any amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff  may not change the nature of this suit by alleging new, unrelated claims in an amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Accordingly, the court hereby orders that:

1.  Plaintiff's request to proceed in forma pauperis is granted.

2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

////

////

    3.  The complaint is dismissed with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to comply with this order will result in this action being dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated:   April 10, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE